The petition then stated that the petitioners were not parties to the former suit; that they were then poor and ignorant of their rights, and afraid of law, and were still poor. The prayer was for process against Francis Morrison as executor of James Morrison, and Robert McElrath as administrator of John McDowell, and for an account of the estate of the petitioners' father, and for payment of what might be found due to them for their legacies.
The answer of Francis Morrison denied that he had, or that his immediate testator, John Morrison, or his testator, William Morrison, had any assets of the first testator, James Morrison, and that this defendant had no knowledge of the petitioners' claim, but that he always understood that John McDowell took the sole management of the estate of James Morrison.
The answer of McElrath was made in September, 1829, and stated that James Morrison died near forty years before, leaving a will, in which he appointed the executors named in the petition; that the parties had lived from the death of the testator within a few miles of each other, and that in all that time the plaintiffs had asserted no claim. This defendant stated that he had not any knowledge of the estate of James Morrison, except that he had often heard his intestate, McDowell, say that he had paid over all the estate that had come to his hands; that some years before the death of his intestate, his (614) dwelling-house was burned, and all his receipts and papers of every kind were consumed. The answer insisted on the want of necessary parties, and also on the great length of time since the death of the plaintiffs' father, as a bar; and averred that the defendant believed that nothing was due to the plaintiffs, but that the claim was unjust.
The cause pended until May, 1837, but what proceedings were in the meanwhile had in it does not at all appear. The record of that term is as follows:
"This cause coming on to be heard upon the petition and answers, exhibits filed and proofs taken in the cause, and upon the argument of counsel:
"A motion of defendant's counsel to dismiss the petition for want of proper parties is overruled. A motion of defendant's counsel to dismiss on the ground of length of time before the petition filed is also overruled. *Page 484 
"The court doth declare that there is no presumption or proof of payment to bar the petitioners' rights; that the defendant's intestate has not fully accounted for and paid the legacies due the petitioners under the will of their father, James Morrison, deceased, and therefore it is ordered that an account, etc., be taken" — in the usual manner.
From that decree, his Honor, Judge Pearson, before whom the cause was heard, allowed the defendant McElrath an appeal.
In a case of this kind this Court cannot receive a suggestion of the diminution of the record, and thereon take steps for bringing up the proofs, or in any respect altering the form in which the case is sent to us. The act of Assembly declares the allowance of an appeal from an interlocutory judgment or decree to be in the discretion of the Court only so much of the proceedings as he shall think necessary to (615) present the question to be considered here. If, however, his Honor sends up to this Court points which he has decided, without also sending his finding of the facts on which those points arise, or sending the evidence, at least, on which he grounds his opinion, it is manifest that this Court can give to the judge of the Superior Court no answer on which we could advise him to act in the cause before him.
Upon the case being again brought up by appeal from the final decree, the Court might be placed in an awkward situation by finding that, conformably to the certificate sent down, a decree had been entered not at all suitable to the facts of the case, or contrary to the evidence. To enable us to act usefully to the parties, or in aid of the judge below, we must have before us everything that was material to the matter of law decided, which was before the court below, as a ground of the decree. Without so much, this Court cannot say whether the decree was right or wrong, and therefore ought not to direct it to stand or to be annulled.
Upon the first point decided in this case we could say, indeed, that it is not error to refuse to dismiss on motion, for want of parties, though it may be error to decree finally without them. In the meantime, parties may be made. We cannot determine whether other parties ought to be made here or not, for the will is not sent to us, nor any sufficient statement of its contents set forth in the pleadings. No doubt it was one of the exhibits in the cause to which the decree alludes.
Upon the other point, the materials for forming an opinion are yet more defective. The petition, which is most meager in its charges, does not state the period of the death of the testator, but leaves it blank. *Page 485 
The answer says that it was forty years before suit brought; but in a case where the decree says it was founded on proofs besides the pleadings, we cannot take the answer for true in that respect nor in that of the loss of the executor's house and papers by fire. If those allegations be true, we may safely say that after the death of all three executors, and at the end of forty years, a presumption of satisfaction or abandonment becomes cogent, unless it be repelled by the time of payment of the legacies, the age of the legatees, the practice of some (616) particular imposition, or other sufficient circumstances. In such a case, we should think, that for any matter stated in this petition by way of excusing the delay, there was little doubt that the claim comes too late. But we cannot venture to pronounce that or any other opinion for the guidance of the Superior Court, for we should be taking a complete leap in the dark if we did.
The result is that for want of the evidence, or a sufficient statement of the facts of the case, the Court is unable to decide the matter of law raised on the record, and consequently cannot take jurisdiction of the case. To avoid this, we have allowed the case to stand for several terms, in the expectation that a fuller transcript or a statement would have been filed by consent. But, being disappointed in this, the appeal must be dismissed as having been improvidently granted, and this certified to the Superior Court. Neither party recovers costs, but the defendant must pay the office fees.
PER CURIAM. Appeal dismissed.